Law Office of
# KEVIN J. PHILBIN
*Employees of Nationwide® Mutual Insurance Company*
*Not a Legal Partnership or Professional Corporation*

| | | |
|---|---|---|
| Kevin J. Philbin | One Whitehall Street, 13ᵀᴴ Floor | Joseph T. Garcia |
|   Lead Managing Trial Attorney | New York, NY 10004-2109 | James M. Horan |
| Virginia E. McDonald | Telephone: (212) 248-9100 | Arlene E. Lewis □ |
|   Managing Trial Attorney | Facsimile: (866) 910-9549 | Kevon Lewis ^ |
| David H. Wahab | | Kimberly A. Miller |
|   Managing Trial Attorney | | Mickei Milton |
| Kerrie Barry ◊ | | Keith J. Norton ^ |
| Michael P. Beckley | | Rosemary S. Ortiona |
| Ivy Cherian | | Amy A. Perry |
| Paul R. Cohen | | Elan Raday |
| Dawn K. Shwartz Conville | | Bruce Roth |
| Jennifer L. Coviello ■ | | Sumona Sikder ^ |
| Henry C. Dieudonne, Jr. | | Rhonda D. Thompson ^ |
| Daniel J. Genovese | | Lawrence Wolkow ^ |
| □ Also Licensed in DC | | Katherine J. Zellinger |
| ◊ Also Licensed in MA | | |
| ^ Also Licensed in NJ | | **Direct Dial No.: (212) 510-9223** |
| ■ Also Licensed in CT | | **EMAIL: thomr5@nationwide.com** |

February 7, 2020

**VIA ECF**
Hon. Judge Mary Kay Vyskocil
United States District Court
Southern District Of New York
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/2020
```

      **Re:** *Antoinette Rizzica v. 213-85 Corp.*
           **Docket No.: 18-CV-08003**
           **Our File No.: 18-016640**

Hon. Judge Mary Kay Vyskocil:

This firm represents Defendant 213-85 Corp., in the above-referenced action. This case involves a claim for personal injuries resulting from an alleged fall down an exterior staircase at 213 West 85ᵗʰ Street, New York, New York on September 12, 2017.

I am writing to renew defendant's application seeking the disclosure of information regarding plaintiff's return to work in September 2019. Defendant seeks disclosure of all post-accident employment information, including authorizations for post-accident employment documents from all places of employment where Ms. Rizzica worked after her 2017 accident, which is the subject of this litigation.

Defendant initially submitted this application to Judge Jesse Furman on January 9, 2020. (Documents 65 and 67 attached collectively as Exhibit A) In an order dated January 10, 2020 Judge Furman denied Defendant's motion without prejudice to a new application in the event that

defendant believes the information is relevant for a reason other than plaintiff's future earnings. (See Document Number 69 attached as Exhibit B)

By way of background, plaintiff claims she sustained a distal third spiral tibial shaft fracture for which she underwent an open reduction internal fixation procedure. Plaintiff further alleges she was caused to undergo a subsequent anterior cruciate ligament reconstruction of the left knee as a result of the occurrence. Plaintiff's amended complaint alleges Ms. Rizzica sustained **serious and permanent personal injuries** as a result of the occurrence. It is further alleged that **plaintiff is disabled, and may in the future be incapacitated from her daily activities**. (See Plaintiff's Amended Complaint annexed as Exhibit C) Plaintiff's claims also include **residual pain, discomfort and dysfunction in the left knee, residual loss of motion of the left ankle, mild tenderness in the distal 3rd tib-fib, and quadriceps atrophy. The potential need for future knee replacements, the need for future radiological intervention, the potential future reconstruction of plaintiff's left ankle, possible future revision of plaintiff's ACL reconstruction, and continued use of pain medication and orthopedic care are also claimed.** (See Dr. Charles DeMarco's October 14, 2019 medical report annexed as Exhibit D) Dr. DeMarco acknowledges in his report that plaintiff returned to work in September 2019, and was working as an installation[1] union employee.

Although plaintiff is not making a claim for future lost earnings or loss of earning capacity, plaintiff's post-accident employment duties and daily work activities are relevant to plaintiff's above claims in this matter. Plaintiff's recent and current employment activities are germane to plaintiff's claims regarding: **seriousness and permanency of plaintiff's injuries,** plaintiffs alleged **disabilities, plaintiff's incapacitation from her daily activities,** plaintiff's claimed **residual pain, discomfort and dysfunction in the left knee, residual loss of motion of the left ankle, and alleged quadriceps atrophy**. The nature of plaintiff's employment and her post accident employment duties/responsibilities also have a bearing on plaintiff's alleged potential need for future knee replacements, potential future reconstruction of her left ankle, and possible future revision of plaintiff's ACL reconstruction. Plaintiff's post-accident employment duties/activities may also contribute to plaintiff's need to undergo the aforementioned treatment.

Plaintiff's employment records are likely to provide information concerning when she returned to employment, her work hours, employment status, title/duties, physical restrictions, if any, and, claimed physical disabilities. As plaintiff has worked/is working as a union employee, it is also likely she would have submitted to a physical examination/assessment prior to her employment, and filled out a health questionnaire/ employment questionnaire, the substance of which would also be relevant to the plaintiff's claims and alleged residual symptomology.

In its holding in *Keiser v. First Unum Life Ins. Co.,* 2005 U.S. Dist. 4109 (S.D.N.Y. 2004) this court considered plaintiff's post-accident employment activities, among other things, to make a determination that denial of plaintiff's application for long-term disability benefits was proper. *Id. at 21* The court considered plaintiff's post-accident employment history to determine whether the plaintiff performed the same functions she had at her prior employment, to determine whether plaintiff suggested to her employer that her physical condition might interfere with her ability to

---

[1] Based on plaintiff's counsel's representations plaintiff was working as an **insulation** union employee, and installation is a typo.

perform her job, and to evaluate whether the plaintiff was provided employees services to accommodate her physical limitations. *Id. at 24-27*. In reaching its conclusion, the court determined that facts related to plaintiff's post-accident employment raised doubts about her alleged disability. *Id. at 50*. (A copy of this decision is annexed as Exhibit E)

In *Ramos v. Lopez,* 2018 N.Y. Misc. Lexis 6788, a wrongful death action, the Supreme Court of New York, Westchester County, determined defendant was entitled to the decedent's employment records, among other things, despite that **plaintiff had been retired for almost 10 years prior to his death and was not claiming loss of income or lost inheritance relating to his prior employment**. *Ramos at 32*. The Court indicated that the records were discoverable so the Defendant could determine if they reflected a history of certain physical conditions, whether the decedent had applied for medical leave, subjected himself to physical examinations in connection with the employment, the names and addresses of physicians, and other information. *Id. at 33* The court indicated the discovery of such information "was certainly relevant to plaintiff's claims and defendants' defenses". *Id.* (A copy of the *Ramos* decision is annexed as Exhibit F)

As in the above-cited cases, plaintiff's post-accident employment information and documentation is relevant to her claims in this case. Accordingly, Defendant seeks the court's ruling in this regard, as the parties have been unable to be resolve this dispute without the court's intervention.

    Defendant greatly appreciates Your Honor's attention to this matter.

*/s/ Rhonda D. Thompson*

---

Rhonda D. Thompson, Esq.
Law Office of Kevin J. Philbin
Attorneys for Defendants
One Whitehall Street
New York, NY 10004
(212) 248 9100
thomr5@nationwide.com

---

GRANTED. Plaintiff shall produce all responsive non-privileged documents on or before February 21, 2020. Plaintiff must also provide all necessary consents and waivers to allow the Defendant to seek employment records from Plaintiff's employer(s) as necessary. If there is any specific request with respect to which the Plaintiff has an appropriate objection, she may move for a protective order or otherwise seek relief from the Court. SO ORDERED

Date: 2/13/2020
New York, New York

*/s/ Mary Kay Vyskocil*
Mary Kay Vyskocil
United States District Judge